IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Damon Jaques Jones, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 1:18-2600-HMH-SVH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Charles Williams, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Damon Jaques Jones ("Jones") is a state prisoner, proceeding pro se, seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Hodges recommends granting Respondent's motion for summary judgment and dismissing Jones' petition with prejudice.

I. FACTUAL AND PROCEDURAL BACKGROUND

Jones is currently incarcerated at McCormick Correctional Institution in the South Carolina Department of Corrections. On August 25, 2005, Jones was indicted in South Carolina state court for murder. (Ret. & Mem. Attach. 1 (App'x 328-29), ECF No. 21-1.) After a jury trial, Jones was found guilty of murder and sentenced to life imprisonment on

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

December 1, 2005. (Id. Attach. 1 (App'x 311-14, 325-26), ECF No. 21-1.) Jones appealed his conviction and raised two claims for relief regarding the state trial court's refusal to admit Jones' videotaped interrogation into evidence. (Id. Attach. 1 (App'x 333), ECF No. 21-1.) The South Carolina Court of Appeals affirmed Jones' conviction on July 23, 2008. (Id. Attach. 1 (App'x 392-94), ECF No. 21-1.) Jones filed a petition for rehearing on August 7, 2008, which was denied on September 23, 2008. (Id. Attach. 1 (App'x 395-401), ECF No. 21-1.)

On December 15, 2010, Jones filed an application for post-conviction relief ("PCR"), alleging ineffective assistance of trial counsel, prosecutorial misconduct, juror misconduct, due process, and abuse of discretion claims. (Ret. & Mem. Attach. 1 (App'x 462-92), ECF No. 21-2.) An evidentiary hearing was held from June 25, 2013 through June 26, 2013. (Id. Attach. 1 (App'x 500-650), ECF No. 21-2.) On March 4, 2014, the PCR court dismissed Jones' PCR application with prejudice. (Id. Attach. 1 (App'x 724-42), ECF No. 21-3.) Jones filed a motion to reconsider pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. (Id. Attach. 1 (App'x 743-44), ECF No. 21-3.) After a hearing, the PCR court denied the Rule 59(e) motion on June 2, 2014. (Id. Attach. 1 (App'x 777), ECF No. 21-3.)

On November 13, 2014, Jones filed a petition for writ of certiorari in the South Carolina Supreme Court, raising one ground for relief: "Whether petitioner's case should be remanded for a full hearing on his claim that Juror #86 committed juror misconduct when she failed to reveal during voir dire that she was a victim of a violent crime, which would have led to counsel striking her from the jury?" (Ret. & Mem. Attach. 1 (App'x 778-87), ECF No. 21-3.) On September 3, 2015, the South Carolina Supreme Court remanded the case for a hearing on the claim of juror misconduct. (Id. Attach. 1 (App'x 798-99), ECF No. 21-3.) After a hearing held

on November 9, 2016, the PCR court denied relief on December 15, 2016. (Id. Attach. 1 (App'x 800, 828-31), ECF No. 21-3.) Jones filed a petition for writ of certiorari on August 18, 2017, asserting one claim for relief regarding the juror misconduct claim. (Id. Attach. 5 (Pet. Cert.), ECF No. 21-7.) The South Carolina Supreme Court denied certiorari on April 19, 2018. (Id. Attach. 7 (Apr. 19, 2018 Order), ECF No. 21-9.) Jones filed a second PCR application on September 17, 2018, raising many of the same grounds for relief as he raised in his first PCR application. (Ret. & Mem. Attach. 9 (Second PCR App.), ECF No. 21-11.) The second PCR application was dismissed as successive and time-barred on March 7, 2019. Jones v. State, C.A. No. 2018-CP-42-03217 (Mar. 7, 2019 Order).[2]

Jones filed the instant § 2254 petition on September 21, 2018,[3] alleging five grounds for relief:

> **Ground One**: SC appellate courts were in error for failing to find the video tapes at petitioner's trial would not have benefitted him.
>
> **Ground Two**: Prosecutor Misconduct and gross [ineffective assistance of counsel] occurred when they both worked in concert to withhold an abundance of exculpatory evidence from petitioner depriving him of constitutional rights to a fair trial.
>
> **Ground Three**: Egegious [sic] Prosecutorial Misconduct and Gross [ineffective assistance of counsel] was committed when the prosecutor was allowed to enter and argue a fabricated scene photo of the drivers [sic] side door of the car where a hand size blood smear was digitally edited off the drivers [sic] side door.

---

[2] See Spartanburg County Seventh Judicial Circuit Public Index, *available at* https://publicindex.sccourts.org/spartanburg/publicindex/ (last accessed May 23, 2019). Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (taking judicial notice of records in state court proceeding).

[3] Houston v. Lack, 487 U.S. 266 (1988).

3

> **Ground Four**: The Prosecutor committed misconduct and defense counsel was again grossly ineffective when he allowed the state to fasily [sic] argue fabricated, distance, location, and 45 degree angle shot.
>
> **Ground Five**: Defense counsel and the prosecutor aided state witness Atiba Long in making second written statement which is falsified evidence.

(§ 2254 Pet., generally, ECF No. 1.)[4] On January 14, 2019, Respondent filed a motion for summary judgment. (Mot. Summ. J., ECF No. 22.) Jones filed his response in opposition on February 6, 2019.[5] (Resp. Opp'n Mot. Summ. J., ECF No. 25.) Respondent did not file a reply.

On May 2, 2019, Magistrate Judge Hodges issued a Report and Recommendation recommending that the court grant Respondent's motion for summary judgment and deny Jones' petition because all of Jones' grounds for relief are procedurally defaulted and he has not demonstrated cause and prejudice or actual innocence to excuse the default. (R&R 26, 32, ECF No. 29.) Jones filed objections to the Report on May 13, 2019.[6] (Objs., generally, ECF No. 31.) This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

---

[4] The magistrate judge identified five grounds for relief in the § 2254 petition and memorandum in support of the § 2254 petition. (§ 2254 Pet., ECF No. 1; § 2254 Pet. Attach. 1 (Mem. Supp. § 2254 Pet.), ECF No. 1-1.) However, there is a discrepancy in the numbering of the grounds for relief between the § 2254 petition and Jones' memorandum. The court will discuss the grounds for relief as numbered in the Report and Recommendation.

[5] Houston, 487 U.S. at 271-72.

[6] Id.

R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim - (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

5

> determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [a petitioner's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections

Jones filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of <u>specific</u> objections to the Report and Recommendation of the

magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Jones' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report, or merely restate his claims. However, the court was able to glean one specific objection. Jones objects to the magistrate judge's conclusion that grounds one through five are procedurally defaulted. (Objs., generally, ECF No. 31.) Jones argues that grounds one through five are preserved for federal habeas corpus review under Marlar v. State, 653 S.E.2d 266 (S.C. 2007), because he filed a Rule 59(e) motion pursuant to the South Carolina Rules of Civil Procedure following the PCR court's dismissal of his first PCR application. (Id. 1, ECF No. 31.)

In South Carolina, the PCR court must make specific findings of fact and conclusions of law for each issue presented by the petitioner. S.C. Code Ann. § 17-27-80. If the PCR court fails to address an issue raised by the petitioner, appellate review of that issue is precluded unless the petitioner files a motion to alter or amend the judgment requesting specific findings of fact and conclusions of law pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. Humbert v. State, 548 S.E.2d 862, 865 (2001). If the petitioner files a Rule 59(e) motion and requests that the PCR court make specific findings of fact and conclusions of law on an issue not addressed by the PCR court, then that unaddressed issue is preserved for appellate review. Marlar, 653 S.E.2d at 410.

Jones raised the instant grounds two through five in his first PCR application, and the PCR court ruled on those issues. Following the PCR court's order dismissing his application, Jones filed a Rule 59(e) motion. However, pursuant to Marlar, a Rule 59(e) motion only

7

preserves issues for PCR appellate review, not federal review. See id. Jones' Rule 59(e) motion did not preserve any issues for the purposes of federal habeas corpus. This court can only review Jones' claims that were presented to the South Carolina Court of Appeals or the South Carolina Supreme Court. See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991) (holding issue not properly raised to state's highest court, and procedurally precluded from being raised there now, is procedurally barred from review in federal habeas).

Jones only raised one juror misconduct claim in his PCR appeal. Because Jones did not raise the instant grounds two through five in his direct appeal or PCR appeal, grounds two through five are procedurally defaulted regardless of Jones' Rule 59(e) motion. Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986) (holding that issue addressed by state collateral review court but not raised to state collateral appeal court is procedurally defaulted and not reviewable by federal habeas court). Additionally, Jones did not raise the instant ground one in his PCR application. Thus, Jones' argument regarding Marlar has no bearing on ground one being procedurally defaulted. Accordingly, grounds one through five are procedurally defaulted, and Jones' objection is without merit.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Hodges' Report and Recommendation and incorporates it herein. Based on the foregoing, the court grants Respondent's motion for summary judgment and dismisses Jones' § 2254 petition with prejudice.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 22, is granted and Jones' § 2254 petition, docket number 1, is dismissed with prejudice. It is further

**ORDERED** that a certificate of appealability is denied because Jones has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

>s/Henry M. Herlong, Jr.
>Senior United States District Judge

Greenville, South Carolina
May 28, 2019

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.